[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
After further thought, the judgment of foreclosure entered in this case on January 28, 1996 is set aside for the taking of further evidence.
The defendant, Susan B. Oppenheimer, appearing pro se, claimed that the mortgage debt in this case was paid in full in the bankruptcy proceedings of her former husband, Mark Oppenheimer. She produced a form from the U.S. Bankruptcy Court indicating that Mark Oppenheimer had been discharged in bankruptcy and showing a claim against Mark Oppenheimer, co-mortgagee, on the mortgage being foreclosed in the amount of $189,000, and payment of the claim in full. She also informed the court that in the dissolution judgment rendered by Judge Mihalakos, Mark Oppenheimer was ordered to pay in full and hold her harmless from liability from this third mortgage. She further informed the court that Judge Mihalakos heard a contempt action against Mark Oppenheimer for his failure to hold her harmless from this mortgage, and that Judge Mihalakos' period for the filing of his decision on said motion would expire January 31, 1996.
No special defense was filed raising the question of payment of the note. The court accepted the affidavit of the plaintiff finding $25,892.39 due and $5,857.50 attorney's fees.
Susan Oppenheimer at least raised sufficient question as to whether or not the plaintiff was paid in full in the bankruptcy proceedings to make it necessary to have further evidence on her claim. The matter is referred to Judge Mihalakos for a trial on the issue of whether or not full payment was made. If it is found that there remains a sum due the plaintiff, the court can then, de novo, render such foreclosure orders as it sees fit.
At the trial, the plaintiff is directed to produce the following evidence:
1. Testimony of Attorney Leibert, together with all documents and information concerning the claim filed against Mark Oppenheimer in the Bankruptcy Court.
2. Testimony of a responsible official of the plaintiff properly informed as to the computation of the amount claimed to be due from Susan Oppenheimer. That person should bring to the court computer print-outs or any other written documentation to help the court to ascertain the amount due on the note. CT Page 1200
3. Secure the presence of Mark Oppenheimer, by subpoena, if necessary, for his testimony concerning the issue in question.
4. Computer print-outs showing the amount charged for legal fees.
Counsel may arrange a trial date in the near future by contacting Attorney Mark Shea, Assistant Clerk, at 203-797-4400.
T. Clark Hull State Trial Referee